*584 The opinion of the court was delivered by
Breaux, J.
The accused is charged with having committed forgery.
From the sentence to hard labor he appeals.
During the trial he objected to the admissibility of evidence, and assigned as error, that the bill of information was too vague and indefinite to authorize the admissibility of the proof offered; that the check alleged to have been forged was not described, nor the name forged alleged.
The objections were overruled and a bill of exceptions was reserved to the court’s ruling.
By way of motion in arrest of judgment, the grounds overruled and reserved in this bill are alleged, and with particularity it is set forth that the first count of the bill of information is insufficient and illegal; that it is not alleged in what the forgery consisted, nor whose name was forged on the order.
A bill of exception's was taken to the court’s refusal to permit its minutes to be amended by substituting the words ‘“guilty on both accounts” to the words “guilty on both counts.”
Lastly, it it assigned as error that the accused was not present when the motion for a new trial and the motion in arrest of judgment were argued and overruled and when the verdict was returned into court.
I.
In support of his proposition, the first presented, with reference to vagueness and the absence of material allegations, counsel for the defendant cites as authority the case of the State against Sheldon, 8 R. 540.
Since the date of that decision the statutes denouncing forgery have been amended and remodeled, and criminal pleadings, in so far as relates to forgery, have been liberalized without curtailing the protection. of the innocent, accused of crime. State vs. Maas, 37 An. 293; State vs. Mignon, 40 An. 735; R. S., Sec. 1049.
It is sufficient to describe the instrument forged by any name by which it is usually designated.
It is not essential to state the value of the forged instrument in the indictment or bill of information.
It is alleged that the accused forged the endorsement.
*585 This denounces the felony, and sufficiently notifies the defendant of the name he is accused of haying forged. It was proper to admit the evidence.
II.
In support of defendant’s motion in arrest of judgment, it is urged by counsel that the first count does not charge in what the alleged forgery consisted, or the amount of the order, or whose name was forged.
That the second count does not- charge whose name was forged as endorser, and does not describe the order.
We have already discussed some of these grounds, and have expressed our conclusions.
The defendant is charged in two counts.
In the first, with having falsely made, forged, counterfeited and uttered as true, a false order, for the payment of money, knowing the same to be false, forged and counterfeited, with intent to injure and defraud the First National Bank of Baton Rouge.
In the second he is charged with having falsely made, forged and counterfeited and uttered as true an endorsement of a bill of exchange, for the payment of money, knowing the same to be false, forged and counterfeited, with intent to injure and defraud the First National Bank of Baton Rouge and A. Martinez.
In'each count he is charged with forgery, and altering and publishing a forged instrument.
In the last he is especially accused of having forged the endorsement on this forged instrument.
The defendant chose to plead to the information without presenting the plea of duplicity, without calling on the prosecutor to elect, ■ and without motion to quash.
In permitting different counts the object is to permit the charge to be brought so as to prevent an acquittal by reason of insufficient allegations.
Bishop on Criminal Procedure, page 422, sets down certain rules on the subject, and concludes that where counts for felonies are joined contrary to these rules, or in any way to prejudice the defendant, the remedy is by motion to compel the prosecutor to elect on which count he will proceed, or by motion to quash; but after the verdict it is too late. State vs. Depass and Baptiste, 81 An. 488.
The offence may be charged in different ways in several counts. *586 Nelson vs. People, 5 Parker, 39; Lanagan, vs. People, 6 Parker, 209.
III.
It is also contended that the defendant was not present when the-motions for new trial and the motion in arrest of judgment were heard and overruled, also when the verdict was returned into court.
There was no necessity of his presence when the motions for a. new trial and in arrest of judgment were argued and denied.
He was present when the verdict was returned into court. State vs. White, 37 An. 173.
He was present when the jury was impaneled.
The case was tried in a day; there was not any adjournment during the trial; unless the absence is shown, the defendant must be considered present when the verdict was returned into court. State vs. Victor Price, 37 An. 215.
IV.
The last ground is directed against the form of the verdict.
The defendant presents that he is' aggrieved in that the verdict-read “guilty as charged in both accounts,” and that an incorrect entry was made in the minutes of “guilty as charged on both counts.”
This does not vitiate the verdict. It escaped attention at the time; some time after the entry had been made in the minutes; after sentence and after the judgment had been signed, a motion was made to correct the minutes and refused.
The verdict might have been delivered orally. It was idem sonaua, and not a material error. State vs. Florey, 5 An. 429; State vs. Ross, 32 An. 854; State vs. Smith, 33 An. 1414.
Judgment affirmed.